| | |
|---|---|
| DANIELLE STAR MALDONADO-REYNOLDS, ) ) ) Petitioner, ) ) v. ) ) FRANK L. PERRY, ) ) Respondent. ) | ORDER |

The matter came before the court on respondent's motion for summary judgment (DE 23) pursuant to Federal Rule of Civil Procedure 56. The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF CASE

On April 10, 2013, petitioner was convicted, in Cumberland County Superior Court, of obtaining property by false pretenses in case numbers 13CRS51503 and 51505. (Resp't's Ex. 1, p. 2). Petitioner then was sentenced to two consecutive suspended sentences of 10-21 months imprisonment. (DE 35, p. 121). The sentences were suspended for a period of 60 months. (Resp't's Mem. Ex. 7, part 2, p. 3). Shortly after sentencing, the probation cases were transferred to Onslow County and became subject to the jurisdiction of the Onslow County Superior Court. (Id.)

On October 31, 2014, the North Carolina Parole Commission (the "Commission") issued a probation violation for petitioner alleging that she had absconded from probation on October 21, 2014. (Id.) The next day, on November 1, 2014, the Commission sent petitioner and her probation officer, Billie Carter, a letter stating that petitioner was released from post-release supervision for all of her cases, including case numbers 13CRS51503 and 51505. (Resp't's Mem. Ex. 2, p. 10). Then, on March 23, 2015, the Onslow County Superior Court conducted a hearing on petitioner's October 31, 2014, absconding charge. (Resp't's Ex. 6). In the course of the hearing, petitioner argued that she did not abscond because the November 1, 2014, letter from the Commission stated she was released from post-release supervision for all of her criminal cases. (Id. p. 26). The state, in turn, argued that the November 1, 2014, letter was intended to notify petitioner of the termination of her post-release supervision for a conviction bearing the case number 12CRS61019, but erroneously also listed case numbers 13CRS51503 and 51505 due to a computer glitch. (Id. pp. 36-37).

At the conclusion of the hearing, the superior court found that petitioner violated the terms of her probation for case number 13CRS51503 by absconding from supervision. (Id.) As a result, the superior court revoked petitioner's probation in case number 13CRS51503, and activated petitioner's suspended sentence of 10-21 months imprisonment. (Id.) With respect to petitioner's case number 13CRS51505, the superior court modified the original judgment to require petitioner to report to her probation officer within 72 hours after her release from the North Carolina Department of Public Safety ("DPS"). (Id. pp. 52-53).

On April 23, 2015, petitioner was convicted in the Onslow County Superior Court of misdemeanor simple worthless check. (Id. Ex. 7, part. 1, p. 9). On April 29, 2015, the Commission

issued a probation violation based upon petitioner's new April 23, 2015, worthless check conviction. (DE 35, p. 121). On September 23, 2015, the Onslow County Superior Court conducted a hearing on petitioner's probation violation charge. (DE 7). Petitioner again raised the argument that her post-release supervision in case numbers 13CRS51503 and 51505 was terminated by the November 1, 2014, letter. (DE 7, part. 2, p. 9). At the conclusion of the hearing, the superior court judge determined that petitioner violated the conditions of her probation, and revoked petitioner's probation in case number 13CRS51505. (Id. p. 14). The superior court judge additionally ordered that petitioner's remaining sentence of 10-21 months imprisonment in case number 13CRS51505 be activated and run consecutive to the sentence in 13CRS51503. (Id.)

On November 6, 2015, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Petitioner asserted the following grounds as relief: (1) her conviction was obtained by a violation of the protection against the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution when the Commission unconditionally discharged her post-release supervision in case numbers 09CRS52656, 12CRS61019, 13CRS51503, and 13CRS51505; (2) her conviction was obtained by denial of her right to present evidence in her own defense because the superior court judge would not permit her to go over the records when she was acting *pro se* and would not accept her arguments; (3) her conviction was obtained due to the ineffectiveness of trial or appellate counsel because the superior court judge ordered the prosecutor to subpoena the Commission's original records after she proved the second copy of the certificate she received was fraudulent; and (4) her various constitutional rights were violated.

3

On March 7, 2016, petitioner filed a motion for appropriate relief ("MAR") in the Onslow County Superior Court, which was denied.[1] (DE 45, Attach. p. 6). Petitioner then filed a petition for a writ of certiorari in the North Carolina Supreme Court on April 29, 2016, which was dismissed on May 19, 2016. (Id. p. 9). In the interim, on May 3, 2016, respondent filed in this case a motion for summary judgment arguing that the petition should be dismissed for failure to exhaust state court remedies. Alternatively, respondent argued that the petition fails on the merits. The motion was fully briefed. On June 21, 2016, petitioner was released from DPS custody and placed on parole. (DE 45, pp. 10-11). The expiration of petitioner's parole is March 29, 2017. (DE 48, Attach., p. 2).

On April 8, 2016, petitioner filed a motion to amend her complaint to substitute the proper party respondent. Petitioner then filed a motion to perform a handwriting analysis, motion to subpoena witnesses and evidence, motion to have documents served electronically, and motion to suppress the state's response. On November 7, 2016, this court granted petitioner's motion to amend and motion to have the documents in this action served electronically, but denied petitioner's remaining motions. This court additionally determined that petitioner properly exhausted her state court remedies and directed petitioner to show cause why this action should not be dismissed based upon her June 29, 2016, release from incarceration. The parties subsequently responded to the court's November 7, 2016, order.

---

[1] The MAR court's order denying petitioner's MAR is not signed. ((DE 45), p. 8). Neither party contests the contents of the order.

DISCUSSION

A.  Motion for Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.  Analysis

        a.  Double Jeopardy

In her first claim, petitioner asserts that the sentences she received on March 24 and September 25, 2015, for her probation violations for case numbers 13CRS51503 and 51505 violate the Double Jeopardy Clause because the Commission unconditionally discharged her from her sentences in 13CRS51503 and 51505 on November 1, 2014. Petitioner raised this issue in the state court and the claim was denied. Generally, the Double Jeopardy Clause prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by, Alabama v. Smith, 490 U.S. 794 (1989).

Here, the record reflects that petitioner's probation in cases 13CRS51503 and 51505 were not discharged on November 1, 2014. (See Resp't's Mem. Exs. 6, 7). Although the Commission issued a letter on November 1, 2014, notifying petitioner that her sentences in case numbers 12CRS61019, 13CRS51503, and 51505 were discharged, case numbers 13CRS51503 and 51505 were erroneously included in the letter due to a computer error. (Id.; Resp't's Mem. Exs. 4, 5). Petitioner had the opportunity to litigate this issue in the course of her March 23, 2015, and September 21, 2015, probation revocation hearings, and the superior court determined, at both hearings, that the November 1, 2014, letter did not release petitioner from her probation in case numbers 13CRS51503, and 51505. Petitioner has not presented any evidence to establish that the inclusion of case numbers 13CRS51503, and 51505 in the November 1, 2014, letter was anything other than a mistake. Finally, with respect to petitioner's parole revocation in case number 13CRS51503, the October 31, 2014, revocation notice was issued prior to the November 1, 2014, letter. (See Resp't's Mem. Ex. 6, p. 1; (DE 45), Attach. p. 6).

In any event, even if petitioner was mistakenly released from her probation in case numbers 13CRS51503 and 51505, she still is not entitled to habeas relief. In Hawkins v. Freeman, 195 F.3d 732 (4th Cir. 1999) (en banc ), the United States Court of Appeals for the Fourth Circuit determined that there was no violation of substantive due process pursuant to the Fourteenth Amendment to the United States Constitution by the reincarceration of a mistakenly-released North Carolina prisoner who spent nearly two years on parole because the prisoner had no fundamental liberty interest in retaining freedom granted in error. Id. at 750. The court in Hawkins concluded that the liberty interest

> of continuing in a state of freedom erroneously granted by government and enjoyed for a significant time by a convict who yet

6

> remains under an unexpired lawful sentence—cannot be found one of those fundamental rights and liberties which are objectively deeply rooted in this Nation's history and tradition. . . . Nor, unless possibly when solely animated by a vindictive or oppressive purpose . . . could the executive act of re-imprisoning under such circumstances be declared shocking to the contemporary conscience.

Id. (internal citations and quotations omitted).

Here, the record reflects that petitioner's consecutive sentences of 10-21 months imprisonment in case numbers 13CRS51503 and 51505 were imposed on April 10, 2013. (Resp't's Mem. Ex. 1, p. 1). The sentencing court suspended petitioner's sentences, and placed her on probation for a term of 60 months. (Resp't's Mem. Ex. 7, part 2, p. 3). As a result, petitioner's probation would have expired on April 10, 2018, with the Commission's November 1, 2014, letter falling well within this time frame. See State v. Cannady, 59 N.C. App. 212, 215, 296 S.E. 2d 327, 328 (1982) ("[I]f the sentence is suspended on lawful conditions, the court can revoke the suspension for a violation that occurs during the term of the suspension, even though the act occurs after a period of supervised probation has expired."). Petitioner has not submitted any evidence, aside from the November 1, 2014, letter, to demonstrate that her probation expired on November 1, 2014. Petitioner, additionally, has not submitted evidence to establish that the Commission acted with a vindictive or oppressive purpose. Thus, there is no due process violation.

Based upon the foregoing, the MAR court's adjudication of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, respondent's motion for summary judgment is GRANTED for this claim.

b.   Petitioner's remaining claims

In her remaining claims, petitioner asserts that her conviction was obtained by the denial of her right to present evidence in her own defense because the superior court judge would not permit her to go over the records when she was acting *pro se* and would not accept her arguments. Petitioner also argues that her conviction was obtained due to the ineffectiveness of trial or appellate counsel because the superior court judge ordered the prosecutor to subpoena the Commission's records after she proved the second copy of the certificate she received was fraudulent. Finally, petitioner asserts that the superior court judge did not "uphold the Supreme law of the land" including Marbury v. Madison, 5 U.S. 137, 176 (1803); Mcullough v. Maryland, 17 U.S. 316 (1819); and Brady v. Maryland, 373 U.S. 83 (1963). The state court adjudicated these claims on the merits and denied them.

The court begins with petitioner's contention that the superior court refused to permit her to go over the records or accept her arguments. In support of her claims, petitioner cites several portions of the hearing transcripts which she purports provide examples of the superior court's alleged conduct. (See Resp't's Mem. Ex. 6, p. 9, L 20-25; p. 10, L. 1-25; p. 11, L. 1-25; p. 12, L. 1-25; p. 13, L. 1-17). The cited portions of the record, however, do not support petitioner's claims. Likewise, petitioner's assertions that the superior court judge refused to permit her to produce unspecified evidence or that unspecified evidence was withheld are unsubstantiated. Rather, the record reflects the opposite–that the superior court permitted petitioner to review records and present argument at her probation revocation hearings. (See Resp't's Mem. Ex. 6, pp. 15-16, 22-32, 33, 36; 45-49 ; Ex. 7, part 1, pp. 3, 7, 9-12, part 2, p. 4, 9-13). Petitioner's unsubstantiated and conclusory allegations are insufficient to warrant an evidentiary hearing for these claims. See Nickerson v. Lee,

8

971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance claim — or, for that matter, on any claim — a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

As for petitioner's remaining claims, she presents nothing more than conclusory allegations which, as stated above, are insufficient to warrant an evidentiary hearing. See Nickerson, 971 F.2d at 1136. Based upon the foregoing, the state court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's determination was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, respondent's motion summary judgment is GRANTED as to petitioner's remaining claims.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in her habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate

9

reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 23) is GRANTED. The Certificate of Appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this 27th day of February, 2017.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge